UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ESTATE OF TAMMY PEREZ,         )
                                    )
            Plaintiff,          )
                                    )
                v.            )      No. 1:16-cv-00645-SEB-DLP
                                    )
MORGAN COUNTY SHERIFF, et al.    )
                                    )
            Defendants.      )

**RULING ON DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY
(DKT. 107)**

Plaintiff sued Defendants under 42 U.S.C. § 1983 for deliberate indifference to the

serious medical needs of Tammy Perez ("Perez"), who died while she was in Defendants'

custody at the Morgan County, Indiana, jail ("the Jail").

Now before the Court is Defendants' unopposed motion to exclude expert

testimony under Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendants move to exclude the testimony

of Plaintiff's expert Dr. Adrian M. Schnall ("Dr. Schnall") as to Bobbie Anthis

("Anthis") and Jared Smith ("Smith"), two officers on duty at the Jail on the night Perez

died.

As the Seventh Circuit has explained,

> Federal Rule of Evidence 702 allows an expert witness to
> testify about a relevant scientific issue in contention if his
> testimony is based on sufficient data and is the product of a
> reliable methodology correctly applied to the facts of the
> case. Under the *Daubert* framework, the district court is
> tasked with determining whether a given expert is qualified to

testify in the case in question and whether his testimony is scientifically reliable. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir.1990).

*Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (citation omitted).

Here, Defendants seek to prevent Dr. Schnall, an endocrinologist, from testifying about (1) whether Anthis and Smith were "deliberately indifferent" to Tammy's medical needs, and (2) what would or would not have been apparent to "reasonable officers" at the Jail.

As noted, Plaintiff does not object to the exclusion of these opinions. Further, "deliberate indifference" is a legal conclusion to which Dr. Schnall may not testify, and Dr. Schnall has no demonstrated expertise in what would be apparent to reasonable Jail officers. If, as we expect, that is simply coextensive with what would be apparent to a reasonable person, it is not a matter for expert testimony of any description.

Accordingly, Defendants' motion is granted.

## Conclusion

For the reasons explained above:

Defendants' motion is GRANTED.

Dr. Schnall's testimony as to (1) Anthis and Smith's "deliberate indifference" and

as to (2) what would have been apparent to "reasonable officers" is ruled

INADMISSIBLE.

IT IS SO ORDERED.

Date: 9/25/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM J. BEGGS
Bunger & Robertson
226 S. College Avenue
Bloomington, IN 47404

William J. Beggs
BUNGER & ROBERTSON
wjbeggs@lawbr.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com